1  KENNETH M. STERN
2  5850 Canoga Avenue, Fourth Floor
   Woodland Hills, Ca. 91367
3  (818) 716-1101
4
5  Attorney for Plaintiff, In Propria Persona
6
7              UNITED STATES DISTRICT COURT
8              CENTRAL DISTRICT OF CALIFORNIA
9                    WESTERN DIVISION
10

| 11 | KENNETH M. STERN, | ) NO.  CV09 1986 GHK (PLAX) |
|----|---|---|
| 12 | Plaintiff, | ) OPPOSITION TO MOTION IN LIMINE NO. 3[1] OF |
| 13 |  | ) SARA WEINSTEIN |
| 14 | v. | ) Judge Dolly M. GEE. |
|    |   | ) Mag. Judge Paul Abrams |
| 15 | ROBERT WEINSTEIN, SARA ANN WEINSTEIN, WHITE, ZUCKERMAN, | ) Date: January 11, 2011 |
| 16 | WARSAVSKY, LUNA, WOLF & HUNT LLP, VENITA MCMORRIS, BARBARA | ) Time: 2:00 p.m. |
| 17 | LUNA AND   DOES 2-4, 9-10, | ) Crtrm: 7 |
| 18 | Defendants. | ) 312 N. Spring Street |
|    |  | ) Los Angeles, Ca. 90012 |

22  COMES NOW plaintiff in opposition to Sara Weinstein's Motion In Limine No. 3,
23  upon the grounds stated herein.
24  DATED: December 28, 2010       Respectfully submitted,
                                    S
25                                  KENNETH M. STERN, PLAINTIFF
                                    PRO SE
26

---

[1] As to Sara Weinstein's Motions in Limine number 1 and 2, plaintiff has no reason to know why they were brought. It has never been plaintiff's intent to submit evidence of insurance or settlement negotiations.

1  **I.   THE EMAIL SENT FROM SARA WEINSTEIN (FROM FAMLAWSW@AOL.COM) IS PROPERLY AUTHENTICATED AND IS NOT INADMISSIBLE HEARSAY.[2]**

Plaintiff posted an email, which was his attorney work product, to a confidential CAALA listserv. A person responded, to that email, the response, including plaintiff's original posting. That was as follows[3]:

"From: ...

Date : March 26, 2007 3 :53 :27 P M

**Subject: RE : White, Zuckerman .(McMorris) overbilling**

**List : caalamembers** Sent by ....

...

THIS MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE RECIPIENT(S) NAME D
ABOVE AND CONTAIN INFORMATION THAT MAY BE CONFIDENTIAL OR PRIVILEGED . IF YO U
ARE NOT AN INTENDED RECIPIENT, YOU MUST NOT READ, COPY, USE, DISSEMINATE O R
DISCLOSE THIS INFORMATION . PLEASE IMMEDIATELY NOTIFY THE SENDER BY REPLY AN D

From: bounce -4872352-454434@lists .trialsmith, corn [mailto :bounce-4 8 72352-454434@lists .trialsmith .com] On Behalf Of ken stern

Sent: Monday, March 26, 2007 1 :51 PM

To: CAALA Members List

Subject : [caalamembers] White, Zuckerman .(McMorris) overbillin g

List : caalamembers Sent by : Ken _ Stern (Profile)

Has anyone had a problem with White, Zuckerman . . . cpas including their economist employee Venita McMorris over billing or trying to churn the file ?

...

---

[2] It should be noted defendant fails to include a copy of that which it seeks to exclude; as such the motion should be denied.

[3] The identity of the responder and response have been removed.

1

Page 2 of 2

LAW OFFICES KENNETH M. STER N
5850 Canoga Avenue. Fourth Floo r
Woodland Hills, Ca . 91367 ... "(bold emphasis supplied)

Venita McMorris produced, at her deposition, an email from famlawsw@aol.com to Paul White, of White, Zuckerman.[4] The email showed it was reference to be CAALA members, concerning overbilling and churning by White, Zuckerman, that is, the involved writing plaintiff posted to the CAALA listserv, which is the subject of this action.[5]. It indicated that it was forwarding materials.

**"From; FamLawSW@aol .com [mailto:FamlawSW@aol.com**

Sent Monday, March 26, 2007 516 PM

To: Paul White

**Subject Fwd: [caalamembers] White, Zuckerman.(McMorris) overbilling**

PAUL, FOR YOUR INFO-**SARA**" (emphasis added)

It should be noted that Sara Weinstein is/was a client [as is/was Robert Weinstein] of White, Zuckerman. Sara Weinstein admitted, at her deposition, she knows Paul White.

Furthermore, other of Sara Weinstein's (famlawsw@aol.com) email are corroborative of the manner of the writing in the email. For example,

1. In an email on the LACBA family law listserv[6], Sara Weinstein posts a

---

[4] A copy of the deposition has been previously lodged with the Court, in relation to defendants' Motions for Summary Judgment

[5] Defendant continues to falsely and fraudulently assert the email was properly accessible to thousands of people. This fraudulent assertion is based upon the falsehood that any member of CAALA has lawful access to the listserve emails. As plaintiff has previously demonstrated, such is not true. Only CAALA members who have signed the listserv agreement may lawfully access the emails.

[6] This is not a confidential listserve and does not involve signing any confidentiality agreements. This is a listserv in which judicial officers and non

ii

1 writing from famlawsw@aol.com and signs her name, Sara at the end.

2 " Original Message -----

3    **From: famlawsw@aol.com**

4    To: Familylaw@forums.lacba.org

5    Sent: 11/2/2010 12:39:57 PM

6    Subject: [familylaw] O/T West Side Office Space for Lease

7    We have ... Thanks! **Sara**

8    Sara A. Weinstein
   LAW OFFICES OF SARA A. WEINSTEIN
9    11150 West Olympic Boulevard, Suite 1120
   Los Angeles, California 90064
10    T: (310) 785-9444
   F: (310) 785-3922
11    **E: FAMLAWSW@AOL.COM** ..." (emphasis added)

12 as she did in the email which is the subject of defendant's motion.

13      2. In another email on the LACBA family law listserv, Sara Weinstein

14 posts a writing from famlawsw@aol.com and writes such in capital letters[7]

15 " On 2/2/2010 12:37 PM, **famlawsw@aol.com** wrote:

16 > HAVE CASE WHERE ... ANY THOUGHTS? THANKS.

17 > Sara A. Weinstein
> LAW OFFICES OF SARA A. WEINSTEIN
18 > 11150 West Olympic Boulevard, Suite 1120
> Los Angeles, California 90064
19 > T: (310) 785-9444
> F: (310) 785-3922
20 > **E: FAMLAWSW@AOL.COM** " (emphasis added)

21 as she does in the mail which is the subject of this action.

22      Also the fact that the subject of Sara Weinstein's email to White,

23 Zuckerman shows it was forwarded from CAALA and was the same subject

24 information of White, Zuckerman (McMorris) is corroborative of that which was

25 forwarded, being plaintiff's writing.

26 ―――――――――

27 attorneys participate..

28     [7] It is unusual to send emails in which the message is capital letters.

1

1  The forwarded materials were destroyed by White, Zuckerman, in terms of
2  that which was produced.[8]  However, McMorris testified she had read the entire
3  email, including the matter forwarded, and it was plaintiff's writing, which is the
4  subject of the lawsuit.

5  "1 Q . Okay. She sent an e-mail to you ?
6  2 A . No .
7  3 Q . Who did she send it to ?
8  4 A . She sent it to Paul White .
9  5 Q . Okay. And have you seen that e-mail ?
10  6 A . Yes.
11  7 Q. Okay. And did that contain something written by
12  8 Kenneth M. Stern ?
13  9 A. I believe it did . ...
14  "22 Q. Okay. And did that e-mail have in it something
15  23 written by Kenneth M . Stem?
16  24 A. What I mean by "she provided an e-mail" is she
17  25 sent an e-mail .
18  15 Q. But you saw the document itself, didn't you ?
19  16 A. The document itself ?
20  17 Q . The e-mail sent by Sara Weinstein .
21  18 A . Yes. . . .
22  "1 As you sit here today, do you recall whether or
23  2 not that was the exact language of Kenneth M . Stern that
24  3 had been written in the e-mail that had been sent from

---

25  [8]  Defendant ambiguously complains the document was redacted.  At
26  McMorris' deposition either she, or her attorney, indicated the word redacted on the
   document referenced some attorney client communication material.  Also, a portion
27  of the email, sent from Sara Weinstein to Paul White, is missing.  Defendant, Sara
28  Weinstein, in her motion, fails to make clear which of the two she references.

2

> 4 Sara to Paul White and then forwarded to you ?
> 5A. The exact language, no .
> 6Q. You don't recall ?
> 7 A. No, I don't recall.
> 8 Q. But that's the gist of what Kenneth Stern had
> 9 written?
> 10 MR. FARRELL: Objection. Lack of foundation .
> 11 Q. BY MR. STERN : To the best of your memory .
> 12      A. It's my recollection that it was a question
> 13 about overbilling or churning, yes ."

As the email is a writing of the party, being Sara Weinstein, it is not inadmissible hearsay, (F.R.E., Rule 801(d)(2)(A), 803(6), 807) and, it is properly authenticated. (F.R.E., Rule 901(a)(b)(1), (3), (4), 903  Sara Weinstein admits the email is sent from her email address, she knows Paul White, she is a client of White, Zuckerman, it has indices of other emails she has sent.  She can deny she sent it, all she wants.  That is for a jury to decide.

## II.  NOT A VIOLATION OF BEST EVIDENCE RULE.

Defendant claims the original must be used[9], citing Federal Rule of Evidence, Rule 1002.  Said rule provides for exceptions.  Defendant fails to note the exceptions.

> "Rule 1003. Admissibility of Duplicates
>
> **A duplicate is admissible to the same extent as an original unless**
> (1) a genuine question is raised as to the authenticity of the original or
> (2) in the circumstances it would be unfair to admit the duplicate in
> lieu of the original." (Emphasis added.)

Herein there is no genuine dispute that the deposition document is not a true

---

[9] An original, if such can be obtained, will be used at trial.

3

1  copy of the original, as to the portion produced.  Defendant offers no evidence that
2  the portion produced is not a true copy of that portion of the original.  There is no
3  unfairness, and defendant has not shown any unfairness, in admitting the
4  duplicate.  The document shows it is from the email address which defendant, Sara
5  Weinstein, admits is hers.  As to the portion, the forwarded matter, destroyed by
6  White, Zuckerman, defendant can always argue, to the jury, that the missing
7  forwarded matter is not what plaintiff, and Venita McMorris, contends the matter
8  to be.

      Rule 1004. Admissibility of Other Evidence of Contents

      The original is not required, and other evidence of the contents of a
      writing, recording, or photograph is admissible if--

      (1) Originals lost or destroyed. All originals are lost or have been
      destroyed, unless the proponent lost or destroyed them in bad faith;[10]
      or

      (2) Original not obtainable. No original can be obtained by any
      available judicial process or procedure;[11] or

Use of the document does not violate the best evidence rule.

  DATED: December 28, 2010      Respectfully submitted,

                                      _____S_____
                                      KENNETH M. STERN, PLAINTIFF
                                      PRO SE

---

[10]    Plaintiff was informed by Shelly Gopual of Bryan Cave, White, Zuckerman's attorney in this action that neither White, Zuckerman nor Bryan Cave still had the entire subject email sent by Sara Weinstein.

[11]    The email produced by Venita McMorris at her deposition was done pursuant to subpoena.  As noted, according to Ms. Gopaul, the original no longer exists.  As such, it cannot be produced pursuant to judicial process.

4