1  KENNETH M. STERN
2  5850 Canoga Avenue, Fourth Floor
   Woodland Hills, Ca. 91367
3  (818) 716-1101
4
5  Attorney for Plaintiff, In Propria Persona
6
7             UNITED STATES DISTRICT COURT
8            CENTRAL DISTRICT OF CALIFORNIA
9                  WESTERN DIVISION
10

11 KENNETH M. STERN,                  )  NO.  CV09 1986 DMG (PLAX)
                                      )
12            Plaintiff,              )  OPPOSITION TO MOTION FOR
                                      )  SUMMARY JUDGMENT
13                                    )  (STATEMENT OF ISSUE OF
                                      )  GENUINE FACT.)
14                                    )
         v.                           )  Judge Dolly M. Gee
15                                    )  Mag. Judge Paul Abrams
   ROBERT WEINSTEIN, SARA ANN         )
16 WEINSTEIN,WHITE, ZUCKERMAN,        )  Date: December 10, 2010
   WARSAVSKY, LUNA, WOLF & HUNT       )  Time: 2:00 p.m.
17 LLP , VENITA MCMORRIS, BARBARA     )  Crtrm: 7
   LUNA AND   DOES 2-4, 9-10,         )
18                                    )  312 N. Spring Street
                                      )  Los Angeles, Ca. 90012
19            Defendants.             )
                                      )
20                                    )
                                      )
21                                    )
                                      )
22 _____)

23 DATED: October 29, 2010        Respectfully submitted,

24                                _____S_____

25                                KENNETH M. STERN, PLAINTIFF

26                                PRO SE

27

28

In response to defendant's Statement of [Purported] Material Facts, plaintiff responds, as follows:

1.   As to defendants number 1, plaintiff's disputes this action is only for copyright infringement.  While the Court has dismissed other of plaintiff's claims, plaintiff has not waived any such claims.  While those claims have been dismissed, and dormant in this case, they are still can be revived, with the Court's permission.  The same is true of the claims that plaintiff sought to have added (theft and receiving stolen property) which the Court would not allow to be added by amendment.  Further, plaintiff has a claim for Business and Professions Code section 17200 which he could seek to have added to the case.    Further, the issues are not "transmission" in a copyright action. The issues are copying and distribution. (See Declaration fo Kenneth M. Stern, "DKS" paras. 2, 15.)

2.   As to defendants number 2, the alleged wrongful conduct is, as relates to copyright, copying and distribution.  (See DKS para 15.)

3.  As to defendant's number 3, such is ambiguous. Plaintiff does not claim that defendant Robert Weinstein accessed plaintiff's email.  Rather plaintiff asserts that Weinstein accessed the CAALA listserv emails, which contained plaintiff's writing (email), then copied and distributed such to his sister, defendant Sara Weinstein. Further, access is not relevant to the issues raised in the Summary Judgment motion. Further, plaintiff does not contend that Robert Weinstein directly distributed the involved writing to White, McMorris.  Rather, plaintiff asserts that Robert Weinstein copied and distributed such to his sister Sara Weinstein, who then copied and distributed such to White, Zuckerman. (See DKS para 16.)

4. As to defendants number 4, plaintiff does not contend that such transmission constitutes a copyright infringement because the writing is his work product and as such only he has the right to copy and distribute such.  As to the issues raised by defendant, the work being work product, is not relevant.  Rather, the infringement has occurred because plaintiff's writing is copyrightable , and posted to the CAALA

- 1 -

listserv, which constitutes a license, which defendant Robert Weinstein was required to sign to be a member of the listserv, that plaintiff's writing may only be copied and distributed within the parameters of the CAALA listserve agreement, and as plaintiff's writing, with his consent. That parameter is that any copying and distribution must be solely within a posting to the CAALA listserv.  Any copying and distribution, as occurred herein, outside of the CAALA listserv is a breach of the licensing agreement, and plaintiff's right to determine who may, and under what circumstances, copy and distribute his writing,  thus, a copyright violation.  (DKS para. 17.)

5.  As to defendant's number 5, plaintiff does not dispute this.

6.  As to defendant number 6, such is not relevant; as, plaintiff is not seeking lost profits, in this action.  While plaintiff believes that he has lost profits, he believes such would be too difficult to prove; and, thus, is not pursuing lost profit damages..

7.  As to defendant's number 7, plaintiff does not dispute the answer to the interrogatory.

ADDITIONAL   RELEVANT   FACTS,   WHICH   DEFENDANT   HAS   NOT INCLUDED..

8.  To become a member of the CAALA listserv, persons are required to sign the CAALA listserv confidentiality agreement. (DKS. para. 4, Exh. 1.)

9.  Exhibit 1 to plaintiff's opposition to this motion, was the CAALA listserv confidentiality agreement, which was in force, and effect, on March 26, 2007.  (DKS para 4 , Exh. 1)

10.  The Copyright Office issued registered plaintiff's writing, which is the subject of the involved copyright action. (DKS para. 9.)

11.  The registration number for the registration of said writing, is TX 6-967-915 (DKS para. 9, Ex. 2.)

12.  The writing registered by the Copyright Office is:

"Has anyone had a problem with White, Zuckerman ... cpas including their economist employee Venita McMorris over billing or trying to churn

- ii -

the file?" (DKS para. 9)

13.  Plaintiff's writing, involved herein, was written by him. (DKS para 9.)

14.  As plaintiff's work was written, by him, it is his original work. (DKS para. 9)

15.  Plaintiff arrived at the content of the involved writing by analyzing and compiling relevant information, then determining how to write his writing, including considering various alternatives of what to write, then wrote the involved writing. (DKS paras. 5-8.)

16.  Plaintiff was required to pay the Copyright Office $795.00 to register the copyright of the writing involved in this action. (DKS para. 10.)

17.  Plaintiff seeks injunctive relief, in this action, to prevent Robert Weinstein from engaging in further acts of engaging in copyright violations, as relate to plaintiff's copyrighted writing(s). (DKS para. 12.)

18.  Plaintiff has been required to spend, at minimum, $1.00 in his time, in attempting to correct the copyright violation, which is the subject of this lawsuit. (DKS para. 18.)

19.  As a result of the copyright violation that is the subject of this lawsuit, the symptoms of arthritis in plaintiff's hip were aggravated, causing plaintiff pain and suffering in his leg and hip, and loss of range of motion therein, , resulting in loss to plaintiff. (DKS para. 13.)

20.  As a result of the copyright violation that is the subject of this lawsuit, plaintiff has suffered emotional distress, including insomnia, resulting in loss to plaintiff. (DKS para. 14.)

DATED: October 29, 2009                    Respectfully submitted,

                                           S
                                           KENNETH M. STERN, PLAINTIFF
                                           PRO SE