KENNETH M. STERN

5850 Canoga Avenue, Fourth Floor
Woodland Hills, Ca. 91367
(818) 716-1101

Attorney for Plaintiff, In Propria Persona

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| KENNETH M. STERN,<br><br>                    Plaintiff,<br><br><br>          v.<br><br>ROBERT WEINSTEIN, SARA ANN WEINSTEIN,WHITE, ZUCKERMAN, WARSAVSKY, LUNA, WOLF & HUNT LLP , VENITA MCMORRIS, BARBARA LUNA AND   DOES 2-4, 9-10,<br><br>                    Defendants. | NO.   CV 09 1986 GHK (PLAX)<br><br>  BRIEF REGARDING FAIR USE PER COURT ORDER.<br>  (RE PENDING S.J. MOTIONS.)<br><br>Judge Dolly M. Gee.<br>Mag. Judge Paul Abrams<br><br>Date: January 28, 2011<br>Time: 3:00 p.m.<br>Crtrm: 7<br><br>312 N. Spring Street<br>Los Angeles, Ca. 90012 |

COMES NOW plaintiff who submits this brief, as per the Order of this Court, regarding the affirmative defense of fair use.

DATED: January 19, 2011             Respectfully submitted,
                                                                S
                                         KENNETH M. STERN, PLAINTIFF
                                         PRO SE

## TABLE OF CONTENTS

I.  SUMMARY.                                                                  1

II.  HAVING DENIED COPYING AND/OR DISTRIBUTION OF                             2
PLAINTIFF'S WRITING, DEFENDANTS CANNOT INVOKE THE
DOCTRINE OF FAIR USE.

III.  AS DEFENDANT'S USE WAS NOT DERIVED FROM AN                             3
AUTHORIZED COPY, BUT A MISAPPROPRIATED COPY, FAIR USE
IS NOT A DEFENSE.

IV.  THE FAIR USE DOCTRINE DOES NOT APPLY HEREIN,                            3
AS SHOWN BY ANALYSIS OF THE STATUTORILY STATED
FACTORS.

V.  BECAUSE DEFENDANTS DID NOT ACT IN GOOD FAITH,                           10
BUT RATHER IN BAD FAITH, FAIR USE IS NOT AVAILABLE.

1

<u>TABLE OF AUTHORITIES</u>

2

<u>FEDERAL AUTHORITY.</u>

3

17 U.S.C. 107 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

4

Atari Games Corp. v. Nintendo of America Inc., 975 F.2d 832 (Fed Cir. (Cal.), 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5

Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 590 (1994) . . . . . . . . . . . . . 2

6

Eckes v. Card Prices Update, 736 F.2d 859 (2nd Cir. 1984) . . . . . . . . . . . . . . . . 4

7

Harper Row, Publishers Inc v. Nation Enterprises, 471 U.S. 539, 561 (1985)    2, 6, 7, 10, 11

8

9

Hustler Magazine, Inc. v. Moral Majority, Inc., 796 F.2d 1148 (9th Cir. 1986) . . 10

10

Los Angeles News Service v. KCAL-TV Channel 9, 108 F.3d 1119 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

11

Marcus v. Rowley, 695 F.2d 1171 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . 11

12

Nelson v. PRN Productions, Inc., 873 F.2d 1141 (8th Cir. 1989) . . . . . . . . . . . . . 4

13

Rogers v. Koons, 960 F.2d 301 (2nd Cir. 1992) . . . . . . . . . . . . . . . . . . . . 6, 8, 10

14

15

<u>CALIFORNIA STATE AUTHORITY.</u>

16

Business and Professions Code section 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17

Code of Civil Procedure section 2018.020 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

18

Code of Civil Procedure section 2018.030 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

19

County of Los Angeles v. Superior Court (1990)  222 Cal.App.3d 647 . . . . . . . . 8

20

Laguna Beach County Water District v. Superior Court (2004) 124 Cal.App.4th 145 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

21

OXY Resources California v. Superior Court (2004)  115 Cal.App.4th  874 . . . . 8

22

People v. Kozlowski (2002) 96 Cal.App.4th 853 . . . . . . . . . . . . . . . . . . . . . . . . . 8

23

People v. Kwok (1998) 63 Cal.App.4th 1236 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24

Shadow Traffic Network v. Superior Court (1994) 24 Cal.App.4th 1067 . . . . . . . 8

25

26

27

28

ii

# SUMMARY[1] [2]

Fair use is an equitable doctrine. (<u>Harper Row, Publishers Inc</u> v. <u>Nation Enterprises</u>, 471 U.S. 539, 561 (1985).)

""[S]ince the doctrine is an equitable rule of reason, no generally applicable definition is possible, and each case raising the question must be decided on its own facts."

While each case must be decided on its own facts, rules have been promulgated, indicating when fair use cannot be a defense. These include, as are present herein, (1) when the defendant denies engaging in the use, (2) where the copying is not derived from an authorized copy, and, (3) where the use is in bad faith.

It would be inequitable to apply the fair use doctrine, in a case such as herein, where use was misappropriating an attorney's work product[3] from a confidential

---

[1] <u>Los Angeles News Service</u> v. <u>KCAL-TV Channel 9</u>, 108 F.3d 1119 (9th Cir. 1997) " ' 'Fair use is a mixed question of law and fact.' If there are no genuine issues of material fact, or if, even after resolving all issues in favor of the opposing party, a reasonable trier of fact can reach only one conclusion, a court may conclude as a matter of law whether the challenged use qualifies as a fair use of the copyrighted work.'" Summary Judgment may determine fair use is not a defense. (<u>Stewart</u> v. <u>Abend</u>, 495 U.S. 207 (1990). Defense has the burden of proving, as an affirmative defense, fair use. (<u>Campbell</u> v. <u>Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 590 (1994).)

[2] Defendants did not raise fair use, in their summary judgments. They have waived such. The final status conference documents did not indicate they were going to pursue such defense or propose jury instructions for such. As defendants did not assert the defense, in their motions, any statements of undisputed facts are incomplete to grant the defense. There are sufficient facts, asserted by plaintiff; however, to deny the defense, as a matter of law. (Robert Weinstein's Motion for Summary Judgment is not based upon a denial of copying and distributing plaintiff's writing. However he has, and does, deny such. [See e.g. Memorandum of Contentions of Fact and Law, p. 2. ls. 15-16, filed December 21, 2010.] Plaintiff requests the Court to take judicial notice of such. rather than, filing a new Statement of Undisputed Facts.)

[3] While plaintiff's writing being work product is not necessary to establish his copyright violation claim, it is relevant to the inapplicability of the fair use doctrine.

listserv; wherein, the only ones who have rightful access to the writing are attorneys, who have signed a confidentiality agreement, to not disclose such writings.[4] [5]

## II.  HAVING DENIED COPYING PLAINTIFF'S WRITING, DEFENDANTS CANNOT INVOKE THE FAIR USE DOCTRINE.

Defendants cannot invoke the doctrine of fair use; as, they deny having copied and distributed plaintiff's work.  The fair use doctrine would require defendant's to admit having done so, then, seek a determination what they did was fair use.

Without admitting they copied, and distributed, the work, they can not set forth facts establishing a proper purpose, or a non commercial purpose. (Two requirements discussed infra.)  Eckes v. Card Prices Update, 736 F.2d 859 (2nd Cir. 1984) recognized denying copying, and fair use, are inconsistent defenses; thus, a claim copyrighted material was not copied precludes a fair use defense.

" ... this argument would best be advanced in a fair use context ...

However, appellees do not contend that they made fair use of the Guide;

they claim that they did not copy from it at all. ... " (Id. at p. 864.)

Nelson v. PRN Productions, Inc., 873 F.2d 1141, 1444 (8th Cir. 1989) also noted denial of copying and a fair use defense are inconsistent defenses.

" ... defendants never advanced fair use as a defense. **Rather**, they refute

plaintiff's claim that defendants copied her song ... " (emphasis added.)

As a matter of law, if one denies copying, one cannot claim fair use.

---

[4]  (See Opp. R. Weinstein's Mot. for S.J., Undisp. Facts, plaintiff's facts 8-9, 13-15 and declaration in opposition to said motion, paragraphs 4-9, 15-17; Opp. S. Weinstein's Mot. for S. J., Undisp. Facts, plaintiff's facts 8-9, 12-15, and plaintiff's declaration in opposition to said motion, paragraphs 3-7.)   As to both statement of undisputed facts, include exhibits and declarations referenced.)

[5]   Issues regarding confidentiality of attorney work product, posted to a confidential attorney listserve, created so that attorney's could privately consult with each other, on their cases, are currently being litigated in Muniz v. U.P.S. (Northern District of California, 09-cv-1987 CW.)

**III.  AS DEFENDANT'S USE WAS NOT DERIVED FROM AN AUTHORIZED COPY, BUT A MISAPPROPRIATED COPY, FAIR USE IS NOT A DEFENSE.**

For fair use to be a defense, copying must derive from an authorized copy.  As the copying (and distribution) involved herein, were not from an authorized copy, the fair use defense is unavailable. (<u>Atari Games Corp.</u> v. <u>Nintendo of America Inc.</u>, 975 F.2d 832 (Fed Cir. (Cal.), 1992).)[6]

> "To invoke ... fair use  an individual must possess an authorized copy of
> a literary work. See Harper & Row, 471 U.S. at 562-63 ... (Knowing
> exploitation of purloined manuscript not compatible with 'good faith'
> and 'fair dealing' underpinnings of fair use doctrine.). Because Atari
> was not in authorized possession ... any copying ...  does not qualify as
> a fair use." (<u>Id</u>. at pp. 843-844.)

The copy of plaintiff's writing used, was not authorized to be possessed by persons who had the intent, and would, use that copy in violation of the listserv agreement.

**IV.  THE FAIR USE DOCTRINE DOES NOT APPLY HEREIN, AS SHOWN BY ANALYSIS OF THE STATUTORILY STATED FACTORS.**

17 U.S.C. 107 notes uses to which the fair use doctrine applies[7] and factors to be analyzed to determine if a use is fair use.[8]

---

[6]  Because the case derives from the Central District of California, the Federal Circuit applies Ninth Circuit law. (<u>Id</u>. at p.  837, 844, 846) Of course this Court must also follow Supreme Court precedent, which Atari relies upon, for its ruling regarding purloined copies. Thus, this Court is bound by <u>Atari</u> and must rule, as a matter of law, that fair use is not a defense available to defendants.

[7]  The use involved herein did not involve any of these activities.  It involved misappropriation of a writing to be given to one who had no right to see the writing.

[8]  " ,,, fair use ... for purposes such as criticism, comment, news reporting, teaching ...scholarship, or research, is not an infringement ... In determining whether the use made of a work ... is a fair use the factors to be considered shall include— (1) the purpose and  character of the use, including whether such use is of a

3

(1) The purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes.

A. Purpose.

Defendant's purpose in using plaintiff's writing cannot be gleaned from direct evidence; as, defendants deny using plaintiff's writing. It is because of said denial, that a fair use defense is unavailable, to defendants, as a matter of law.  That aside, the purpose, to be inferred from circumstantial evidence, is an improper use.

The purpose of the use, it appears circumstantially, was to give a "heads up" to the person and accounting firm, adverse to plaintiff, and plaintiff's client, upon the issue addressed in said confidential writing, that plaintiff believed they may have been involved in churning and over billing.

Harper Row, Publishers Inc v. Nation Enterprises, supra, 471 U.S. 539 notes commercial, as opposed to non profit, use militates against fair use.  The commercial use need not result in monetary gain.  It can involve any type of commercial benefit.

> "The fact that a publication was commercial as opposed to nonprofit ...tends to weigh against a finding of fair use. '[E]very commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." Sony Corp. of America v. Universal City Studios, Inc., 464 U.S., at 451, .... In arguing that the purpose of news reporting is not purely commercial, The Nation misses the point entirely. The crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted

---

commercial nature or is for nonprofit educational purposes;
(2) the nature of the copyrighted work;
(3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
(4) the effect of the use upon the ... value of the copyrighted work.

1    material without paying the customary price. ...  (Id. at p. 562.)

2    Rogers v. Koons, 960 F.2d 301 (2nd Cir. 1992) also noted if the use is

3    commercially related, it is presumptively not a fair use.

4    "Knowing exploitation of a copyrighted work for personal gain militates

5    against a finding of fair use. And--because it is an equitable

6    doctrine--wrongful denial of exploitative conduct towards the work of

7    another may bar an otherwise legitimate fair use claim. ...

8    "The Supreme Court has held that copies made for commercial or

9    profit-making purposes are presumptively unfair. See Sony Corp. of

10   America v. Universal City Studios, Inc., 464 U.S. 417, 449, 104 S.Ct.

11   774, 792, 78 L.Ed.2d 574 (1984). ... (Id.  at p. 309.)

12   As both defendants were clients of the accounting firm, such use would serve

13   the purpose of engendering business good will between  defendants' law practices,

14   and the forensic accounting firm.  That is a commercial use , as opposed to a non

15   profit use to benefit the public. The personal gain by the defendants is said good will.

16   B.  Character of use.

17   The character of the use was to misappropriate plaintiff's writing which was

18   confidential, both because (1) it was his attorney work product, and, (2) subject to a

19   confidentiality agreement; whereby, all who had rightful access to such writing, were

20   also required to have signed the confidentiality agreement. Harper notes the fact that

21   the writing was shown, by the copyright holder, to others, only under a confidentiality

22   agreement is highly important in showing the use was not fair use.

23   "In the case of Mr. Ford's manuscript, the copyright holders' interest in

24   confidentiality is irrefutable; the copyright holders had entered into a

25   contractual undertaking to 'keep the manuscript confidential' and

26   required that all those to whom the manuscript was shown also 'sign an

27   agreement to keep the manuscript confidential.' ...  A use that so clearly

28   infringes the copyright holder's interests in confidentiality and creative

5

1    control is difficult to characterize as fair.' (<u>Harper Row, Publishers Inc</u>

2    v. <u>Nation Enterprises</u>, supra, 471 U.S. at p. 564.)

3        The character of the use also is the misappropriation, from a confidential

4    listserv by which all attorneys's who had rightful access, to the writing, had signed

5    a confidentiality agreement, which included a recognition that some of the posted

6    writings, to the listserv, was attorney work product and the writing was posted to

7    obtain other attorney's insight, and input, to help the posting person help prepare

8    cases and represent clients.

9        <u>Harper Row, Publishers Inc</u> v. <u>Nation Enterprises</u>, supra, 471 U.S. 539 holds

10   such wrongful conduct negates fair use, which must be made in good, not bad faith.

11       "Also relevant to the 'character' of the use is 'the propriety of the

12       defendant's conduct'' ... 'Fair use presupposes 'good faith' and 'fair

13       dealing.' ' Time Inc. v. Bernard Geis Associates, 293 F.Supp. 130, 146

14       (SDNY 1968), quoting Schulman, Fair Use and the Revision of the

15       Copyright Act, 53 Iowa L.Rev. 832 (1968). The trial court found that

16       The Nation knowingly exploited a purloined manuscript." (<u>Id</u>. at p. 563.)

17       <u>Rogers</u> v. <u>Koons</u>, supra, 960 F.2d 309 noted:

18       " ...Relevant to this issue is Koons' conduct, especially his action in

19       tearing the copyright mark off of a Rogers notecard prior to sending it

20       to the Italian artisans. This action suggests bad faith in defendant's use

21       of plaintiff's work, and militates against a finding of fair use. ... "

22       Defendants cannot seriously maintain that purloining[9] an attorney's work

23

24       _____

25           [9]   Defendant's conduct constitutes theft/receiving stolen property, under
     California law, as described in <u>People</u> v. <u>Kozlowski</u> (2002) 96 Cal.App.4th 853 and
26   <u>People</u> v. <u>Kwok</u> (1998) 63 Cal.App.4th 1236, involving theft of data, or property, by
     copying such,  wherein such also remains in the possession of owner.  Plaintiff has
27   more particularly briefed this issue in his previous Motion for Reconsideration, etc.,
     of which plaintiff requests this Court to take judicial notice.
28

1  product[10] from a confidential listserv, specifically designed to allow attorney's to

2  discuss their cases in a private, collegial manner, constitutes good faith and fair

3  dealing[11]; and, is not bad faith conduct.[12]  The wrongful purpose and character alone

4

5     [10]  Work product includes attorney consulting with experts, whose  report is

6  also part of the work product.  The work product is absolutely privileged, from

7  disclosure, if the expert has not been disclosed, to the adverse party. (Code of Civil

   Procedure sections 2018.020 and 2018.030; County of Los Angeles v. Superior Court

8  (1990) 222 Cal.App.3d 647, 702; Shadow Traffic Network v. Superior Court (1994)

9  24 Cal.App.4th 1067, 1078-1082.)  Plaintiff is unaware of any case law limiting the

   number of experts with which plaintiff may consult.

10

11     Posting work product to the confidential listserv, specifically designed for

   attorneys to consult with other attorneys, on their cases, os not a waiver of the work

12  product privilege. Work product is waived only if disclosure is inconsistent with the

13  privilege's purpose; i.e., to make safe the attorney's work product and preparation of

   cases. (OXY Resources California v. Superior Court (2004)  115 Cal.App.4th  874,

14  891.)   Waiver only exits, when work product is disclosed to another; if, the

15  information is given to someone who does not have an interest in protecting the

16  confidentiality of the work product.   That is because the doctrine is to keep the

   information from the adversary, not disinterested third persons. (Laguna Beach

17  County Water District v. Superior Court (2004) 124 Cal.App.4th 1453, 1558-1459.

18  Herein, the work product was disclosed to those who had an interest in maintaining

   the confidentiality.  All persons to whom it was rightfully disclosed had signed a

19  confidentiality agreement, for the specific purpose of keeping work product

20  confidential, by attorneys consulting with other attorney experts. Further, there is no

21  waiver; as, there is no evidence plaintiff knew or suspected his work product would

   be disclosed. (Id. at p. 1460.) As plaintiff was aware persons who had rightful access

22  to his work product had signed a confidentiality agreement, he had a rightful

23  expectation of privacy.  There is no evidence plaintiff had any other expectation.

24  Further,  one's  confidential  information  is  always  subject  to  wrongful

   misappropriation, if a wrongdoer is bent upon engaging in such wrongful action.

25  That is the bane of internet/computer/home/business security.  That there always a

26  possibility that one, might steal another's confidential information does not negate

   a rightful expectation of privacy.

27     [11]  This Court, in its order of January 10, 2010 p. 7 determined   the

28  unauthorized copying and distribution of plaintiff's writing, as alleged, was an

7

1    shows, as a matter of law, the fair use doctrine does not apply.

2          (2) <u>The nature of the copyrighted work.</u>

3          The nature of the copyrighted work, was a confidential question, and attorney

4    work product, by which plaintiff sought, from expert collegues, whether they had any

5    experience with the White, Zuckerman/McMorris, engaging in wrongful acts of

6    churning or over billing.  The nature of the work is that it was work product privately

7    shared, pursuant to a confidentiality agreement, with other attorney's who  had

8    jointly agreed to help each other, in confidence among themselves, in the preparation

9    and analysis of each other's cases.

10         <u>Harper Row, Publishers Inc</u> v. <u>Nation Enterprises</u>, supra, 471 U.S. 539 noted

11   that when a work is unpublished, fair use is much narrower.  That is because the

12   author has the right to determine when to publish to the general public, or whether to

13   publish, to the general public, at all.

14         " ... the scope of fair use is narrower with respect to unpublished works.

15         While even substantial quotations might qualify as fair use in a review

16         of a published work or a news account of a speech that had been

17         delivered to the public or disseminated to the press, see House Report,

18         at 65, the author's right to control the first public appearance of his

19         expression weighs against such use of the work before its release. The

20   _____

21   invasion of privacy. It also recognized such was a breach of the confidentiality

22   agreement and invasion of plaintiff's work product. However, the Court determined

23   such was not a serious enough evasion to provide a tort of invasion of privacy.

     However, the Court did, nonetheless, find the alleged copying and distribution was

24   unlawful conduct.

25         [12]  The conduct plaintiff alleges is also an unfair business practice, pursuant to

26   California Business and Professions Code section 17200.  " ... unfair competition

     shall mean and include any unlawful, unfair ... act or practice ... " While plaintiff has

27   not specifically referenced said section in his complaint, as a claim, the facts pleaded

28   establish the statutory violation

                                          8

1  right of first publication encompasses not only the choice whether to

2  publish at all, but also the choices of when, where, and in what form first

3  to publish a work." (Id.  at p. 564.)

4  The work's nature, a request for help, in a confidential setting from other attorneys,

5  which was not intended to be shown to the public, and certainly not to be shown to

6  the perpetrators of the possible wrongful conduct discussed, militates against fair use.

7    (3)  The amount and substantiality of the portion used in relation to the

8  copyrighted work as a whole.

9    The work was copies and distributed, verbatim.  Rogers v. Koons, suprqa, 960

10  F.2d 301noted if the essence of the work is copied, fair use does not apply.

11    " ...It is not fair use when more of the original is copied than necessary.

12    Even more critical than the quantity is the qualitative degree of the

13    copying: what degree of the essence of the original is copied in relation

14    to its whole ... " (Id. at p. 311.)(See also Hustler Magazine, Inc. v. Moral

15    Majority, Inc., 796 F.2d 1148, 1155 (9th Cir. 1986).)

16  That the entirety of plaintiff's writing was copied, verbatim, militates against fair use.

17    (4)  Effect of the use upon the value of the copyrighted work.

18    Not all copyrighted works are created for the purpose of being sold on a

19  commercial market.  However, the copyrighted work can still have value. Harper

20  Row, Publishers Inc v. Nation Enterprises, supra, 471 U.S. 539  noted:

21    ""If the defendant's work adversely affects the value of *any* of the rights

22    in the copyrighted work ... the use is not fair." ... (Id. at p.

23    568.)(emphasis added.)

24    The value of the copyrighted work is the value of an attorney sole practitioner,

25  being able to help prepare the attorney's cases, and help the attorney represent

26  client's, with a tool whereby the attorney is able to seek the advise of experts, to wit,

27  other attorney's who may be knowledgable concerning issues that arise in the case(s)

28  of the attorney seeking advise.  For persons to be able to steal an attorney's work

9

product and distribute such to other's not entitled to such diminishes the value of an attorney's work product, and ability to rely upon the use of such.

As more specifically relates to the writing involved herein, there is value to plaintiff to be able to privately inquire into whether a business, with whom plaintiff does business, is engaging in misconduct towards plaintiff and/or his client, without that business knowing that the inquiry is being made.

## V.   BECAUSE DEFENDANTS DID NOT ACT IN GOOD FAITH, BUT RATHER IN BAD FAITH, FAIR USE IS NOT AVAILABLE.

Marcus v. Rowley, 695 F.2d 1171 (9th Cir. 1983) ruled the fair use defense is not available wherein the defendants have not acted in good faith.

" ... fair use presupposes that the defendant has acted fairly and in good faith ... (Id. at p. 1175.)

In determining whether there was good faith, the Court should look to whether the defendant sought the plaintiff's permission in copying the material

" ... there was no attempt by defendant to secure plaintiff's permission to copy the contents of her booklet. (Ibid)

Defendants do not contend  whoever did the copying, and distribution, acted in good faith and not in bad faith, in relation to wrongful copying of confidential, attorney work product matter.   They merely contend that it was not them. Since defendants do not deny that the use was not bad faith, and not good faith, the fair use defense is unavailable, to defendants.

DATED: January 19, 2011                          Respectfully submitted,

                                                                    S
                                                KENNETH M. STERN, PLAINTIFF
                                                PRO SE