1  Edmund G. Farrell III (SBN 111042)
   efarrell@murchisonlaw.com
2  Adrian J. Barrio (SBN 219266)
   abarrio@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Defendant, ROBERT WEINSTEIN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KENNETH M. STERN,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT WEINSTEIN; SARA ANN WEINSTEIN; WHITE, ZUCKERMAN, WARSAVSKY, LUNA, WOLF & HUNT, LLP; VENITA McMORRIS; BARBARA LUNA; and DOES 2-4, 9-10,<br><br>Defendants. | CASE NO. 2:09 CV 01986 DMG (PLAx)<br><br>**REPLY TO PLAINTIFF'S OPPOSITION TO ROBERT WEINSTEIN'S NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES**<br><br>Date: April 11, 2011<br>Time: 9:30 a.m.<br>Crtrm.: 7<br><br>Assigned to: Hon. Dolly M. Gee, Courtroom 7<br><br>Action Filed: March 24, 2009 |

TO ALL PARTIES HEREIN AND TO THEIR ATTORNEYS OF RECORD:

Defendant, ROBERT WEINSTEIN submits the following reply to plaintiff's opposition to defendant's Motion for Attorneys' Fees as follows:

/ / /
/ / /
/ / /
/ / /
/ / /

1

## I.
## INTRODUCTION

Plaintiff's opposition to defendant Robert Weinstein's motion for attorney's fees is a fitting last salvo by plaintiff in this matter. This Court having unmasked this action for what it is – a sham brought in bad faith for the sole purpose of harassment – plaintiff has resorted to familiar and wearisome tactics: the assertion of hyper-technical and flimsy procedural arguments, reckless and unsubstantiated attacks on the integrity of defense counsel, and the hashing and rehashing of issues already decided. Plaintiff – an attorney, no less -- even goes so far as to attack the integrity of this Court in his "shotgun" opposition papers. Perhaps most amazingly of all, he states in his opposition papers that, due to an impending trial in another matter, he could not devote sufficient time to the preparation of his opposition papers! We are left to wonder what, exactly, plaintiff believes remains to be said. His disdain for defense counsel and for this Court – and ultimately, for justice -- could not be more clear. In the end, his arguments in opposition to defendant's motion for attorneys' fees are weak and unpersuasive. Mr. Weinstein's motion for attorney's fees should accordingly be granted.

## II.
## PLAINTIFF'S CONTENTION THAT THERE WAS NO "MEET AND CONFER" IS FRIVOLOUS AND SHOULD BE REJECTED

Plaintiff's first contention is that defendant Robert Weinstein's motion for attorney's fees should be denied because Mr. Weinstein failed to "meet and confer" prior to the filing of the motion. This is a meritless (and frivolous) argument. As indicated in defendant's moving papers, defendant's motion for attorney's fees is in fact an "amended" or renewed motion, addressed solely to the issue of the amount of fees sought. Mr. Weinstein's original request for attorney's fees was brought over five months ago, as part of his motion for summary judgment. Plaintiff never raised the issue that defense counsel failed to "meet and confer" with respect to the motion for summary judgment and/or request for attorney's fees. In fact, he vigorously contested the motion.

2

For plaintiff to now claim, after a full hearing on the motion for summary judgment and the issue of attorney's fees – and after this court has expressly ruled on the critical issue of entitlement to attorney's fees -- that he has not had a sufficient opportunity to discuss the issue of attorney's fees with defense counsel, borders on the absurd. It is a further example of plaintiff's emphasis on hyper-technical procedural arguments rather than substance, a pattern that has defined his litigation tactics in this case.

Indeed, what is there left to discuss? Any rational "meet and confer" argument presupposes that a meet and confer would have been productive and not a waste of time. And yet plaintiff offers nothing in his papers to indicate that he will accept anything less than the outright denial of Mr. Weinstein's motion for attorney's fees. He is not willing to compromise with respect to a single issue, and in fact devotes the majority of his papers to rehashing the correctness of this Court's ruling that his copyright claim is frivolous and was brought in bad faith. His own papers make clear that any attempt to meet and confer would be futile. Accordingly, plaintiff's contention that Mr. Weinstein's motion for attorneys' fees should be denied on meet and confer grounds is frivolous and should be rejected.

## III.

## PLAINTIFF'S CLAIM OF "BILLING FRAUD" IS A RED HERRING

Plaintiff next contends that defendant's motion for attorneys' fees should be rejected in its entirety because it contains "fraudulent billings." This argument is yet a further example of plaintiff's abusive litigation tactics: the tactic of intimidation through reckless, aggressive and unfounded charges. Ironically, these tactics were documented in a "meet and confer" declaration which plaintiff claims defendant never filed but billed the client for anyway: Meet and Confer Declaration of Adrian J. Barrio Pursuant to Local Rule 7-3 In Support of Defendant Robert Weinstein's Motion for Summary Judgment, filed on or about October 12, 2010 (filed as document number 127). The substance of that declaration will not be recounted here. Suffice it to say that the "meet and confer" declaration amply reflects plaintiff's pattern of making flimsy procedural arguments and

then, when challenged, making reckless and unsubstantiated accusations to back them up.

The pattern continues in his opposition papers. At no point does plaintiff make any attempt to itemize the disputed entries and to come up with a rational counterproposal as to the appropriate amount of fees. He does not assert that the total amount of hours spent on the case and the total amount billed was unreasonable. He does not address any of the Kerr factors. Because he knows that the time billed is reasonable and comports with prevailing community standards. So he is left with no choice (in his mind) but to take the intractable and inflexible position that no amount of fees is warranted due to defense counsel's purported "billing fraud." He offers no legal support for this position. Factually, he only offers speculation and conjecture. Indeed, he freely admits that he cannot "prove" his charges of billing fraud. (See Plaintiff's Opposition at p. 5.) The entire argument is a sham and a red herring designed to distract this Court from the Kerr factors and the determination of an appropriate fee award.

In any event, plaintiff's charges of "billing fraud" are unfounded. For example, plaintiff boldly asserts that the "meet and confer" declaration does not exist and was never filed, and yet it plainly does. Likewise, plaintiff claims that defense counsel overbilled for two court hearings "each of which lasted only a few minutes." By defense counsel's recollection, these hearings (presumably, plaintiff is referring to the scheduling conference and the motion for summary judgment) did not last for "a few minutes." In any event, as substantiated by the concurrently-filed Declaration of Adrian J. Barrio, the time entries at issue incorporated necessary preparation and post-hearing follow-up work for which the client was not separately billed.

The only valid point plaintiff makes is that defendant inadvertently included two entries in its submissions that should have been billed to other, unrelated matters being handled by defense counsel's law firm, Murchison & Cumming. These time entries, billed at a rate of $135.00/hr by timekeeper Adrian J. Barrio, total two hours. Thus, the

1 | total amount of fees originally sought in defendant's moving papers, $29,398.25,
2 | should be reduced by $270.00. The new amount sought is therefore $29,128.25.

## IV.

## PLAINTIFF'S ATTEMPT TO HAVE THIS COURT RECONSIDER ITS PRIOR RULING SHOULD BE REJECTED

The remainder of plaintiff's opposition papers are devoted to rehashing issues that have already been decided by this Court. Plaintiff cannot use his opposition papers as a vehicle for seeking reconsideration of this Court's summary judgment ruling. If he seeks reconsideration of this Court's ruling, he should file the appropriate motion. In any event, plaintiff does not identify any new facts or any intervening change in the controlling law so as to merit reconsideration. See Kona Enterprises, inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). Accordingly, his attempt to have this Court reconsider its prior ruling should be rejected.

## V.

## CONCLUSION

For all of the foregoing reasons, and the reasons set forth in defendant's moving papers, defendant Robert Weinstein respectfully requests an award of attorneys' fees in the amount of $29,128.25 in this matter.

DATED: March 28, 2011    MURCHISON & CUMMING, LLP

By: /s/ Edmund G. Farrell III
Edmund G. Farrell III
Adrian J. Barrio
Attorneys for Defendant, ROBERT WEINSTEIN

5

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, California 90017-4613.

On March 28, 2011, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR ATTORNEY FEES** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Pursuant to the E-Filing System of the United States District Court, Central District of California, to the parties at the e-mail addresses on the Court's website.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 28, 2011, at Los Angeles, California.

_____
Marian R. Wahlquist

# SERVICE LIST
### Kenneth M. Stern v. Robert S. Weinstein, Sarah Ann Weinstein, White, Zuckerman, Warsavsky, Luna, Wolf & Hunt, LLP; Venita McMorris; Barbara Luna; and Does

| | |
|---|---|
| Kenneth M. Stern<br>Kenneth M. Stern<br>5850 Canoga Ave., 4th Flr.<br>Woodland Hills, CA 91367<br>Telephone: 818-716-1101<br>Facsimile: 818-701-3838 | Plaintiff in Pro Se |
| Steven R. Yee, Esq.<br>Steven R. Belilove, Esq.<br>Richard D. Hoang, Esq.<br>Yee & Belilove, LLP<br>3452 E. Foothill Blvd., Suite 1000<br>Pasadena, CA 91107<br>Telephone: 626-449-8000<br>Facsimile: 626-449-8009 | Defendant SARA ANN WEINSTEIN |